The Honorable Gary Biggs State Representative 1220 West Poplar Street Paragould, Arkansas 72450-3501
Dear Representative Biggs:
I am writing in response to your request for an opinion on the pension benefits of several police officers in the City of Paragould. Specifically, you note that "[f]our members of the Paragould police force served approximately 3-5 years during the 1970's and 1980's. Upon leaving the force, they were granted a refund for their contribution to the local pension fund. After 1983, the officers were rehired by the City of Paragould, and served at least 16 years on the police force. Through no fault of their own, these officers were enrolled in the new, non-contributory retirement system instead of being channeled back to the old, contributory plan."
You reference A.C.A. § 24-11-421 in your request and inquire whether this statute applies to allow the officers in question to participate in the "old" local pension fund, as opposed to the newer statewide system. Specifically, you ask me to "detail the rights and responsibilities of the retiring members and the local pension board, including:
 1) If LOPFI[1] allows them to buy back their 16 years from the local police pension board, and
 2) The options the local pension board has to ensure the officers receive their full benefits.
RESPONSE
In my opinion A.C.A. § 24-11-421 was indeed intended to authorize the re-enrollment of a police officer in the local pension fund for the same city where he was previously employed, assuming the requirements of the statute are met, and assuming that he did not, in the interim between his periods of employment with that city, become employed as a police officer in another city and participate in the state LOPFI system in connection with that employment, or otherwise properly become a LOPFI member. If the officers were in fact erroneously enrolled in LOPFI, they should be allowed to pay back their refunded contributions plus interest under A.C.A. § 24-11-421 and contribute the member contributions for the sixteen years they should have been enrolled in the local fund. The question of whether individual officers, however, are entitled to avail themselves of the provisions of A.C.A. § 24-11-421 is a question of fact. I cannot determine from the limited facts provided whether the service of the particular officers you reference falls within the provisions of A.C.A. § 24-11-421. In any event, in case of any question in this regard, the LOPFI board of trustees has the power to determine the individual membership status of such persons. See A.C.A. § 24-10-301(b).
As you note, the relevant Arkansas statute provides as follows:
 (a)(1) In the event a former member again becomes an employee of the same police department where previously employed, the police officer shall again become a member of the system, and the credited service forfeited by him shall be restored to his credit, but only if he returns to the fund the amount refunded to him, plus interest from the date of withdrawal to the date of repayment.
 (2) The interest rate to be paid shall be equal to the fund's average investment rate of return as indicated in the last three (3) annual accountant's reports, but in no case less than six percent (6%).
 (3) The repayment shall be made according to such rules and regulations as the board shall adopt.
 (b) Any police officer who has become a member of the Arkansas Local Police and Fire Retirement System shall remain a member of that system.
A.C.A. § 24-11-421 (Repl. 1996).
This statute requires a former police officer, upon reemployment with the same police department, to again become a member of the local fund, but only if he repays his refunded contributions, with interest. This is true, however, assuming he did not, in the interim, properly become a member of the LOPFI system at some other police department or a fire department. See, e.g., Op. Att'y Gen. 93-330. Again, I cannot determine whether particular police officers were entitled to avail themselves of this statute. That question will depend upon all the facts.
The facts you recite indicate that the police officers in question were not re-enrolled in the old system upon their reemployment. They were, rather, enrolled in the state LOPFI system. They thus have not repaid the contributions refunded to them when they left the force, with interest and have not contributed to the local pension fund for the 16 years of their reemployment as required to participate in the local fund. If the police officers in question (as a factual matter) should have been allowed to reenroll in the local pension fund, it appears that the LOPFI policy governing erroneous enrollment may be applicable. It states as follows:
 Members who terminate from the System because they were enrolled incorrectly in the System shall be refunded their contributions without interest. If interest has been awarded to an ineligible member's account, it shall be returned to the income-expense account of the System.
Thus, in response to your specific questions, if, as a factual matter, the police officers in question should have been accorded the benefit of A.C.A. § 24-11-421, LOPFI Policy 7, Item C, page 2, should be applicable. It allows any contribution the officers made to LOPFI to be refunded.
You refer in your request for my opinion, however, to the new LOPFI system as a "non-contributory" one. I assume from this characterization that perhaps the police officers in question have not been contributory members of LOFPI. See e.g., A.C.A. § 24-10-404 (b)(1). If the officers in question have not made any member contributions to LOPFI for the past sixteen years, they are, of course, not entitled to a refund of any member contributions from LOPFI. It is my understanding, additionally, in such case, that the City of Paragould would be given a credit with the LOFPI system for the employer contributions made to LOPFI on behalf of these erroneously enrolled officers. See LOPFI Board Rule 10.
The police officers in question, however, in order to have corrected their erroneous exclusion from the local pension fund for the last sixteen years, must pay back their refunded contributions, plus interest, in accordance with A.C.A. § 24-11-421 (a))(1) and (2). Although there is no pertinent statute on point, they must also pay to the local fund the required member contributions which they would have made had they been properly enrolled in the local pension fund for the past sixteen years. I can find no provision of state law that governs this payment, however, or whether it must include interest. The local board may have a rule or regulation in this regard.
Again, however, as noted above, the question of whether particular officers are entitled to the benefits in A.C.A. § 24-11-421 is a question of fact, and the LOPFI board has the power to determine the issue.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] "LOPFI" refers to the statewide retirement system for police officers and fire fighters, the "Local Police and Fire Retirement System."